## HENRY S. LONGMORE v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 13, 1914.

Nos. 18,403—(257).

**Negligence of fellow servants.**

    A crew of section men were engaged in replacing defective ties with new ones. The method was to pull out the old tie and then with picks pull the new tie in under the rail. The men usually worked in pairs. Plaintiff and his associate were having trouble in getting a new tie under the rail, and the foreman and others with him came to their assistance. The result was that the tie was pulled through more quickly than the two men could have done it. Plaintiff's foot was caught between the tie and the rail and was injured. No one but plaintiff himself knew that his foot was in a position where it was likely to be injured. *Held,* there was no negligence on the part of the foreman or these fellow employees, in their coming to the assistance of plaintiff, or in the manner in which the work was done.

Action in the district court for Itasca county to recover $4,000 for injuries sustained by plaintiff while in the employ of defendant. The answer alleged that the injury received by plaintiff was due to his own carelessness and was not due to any negligence on its part; that it at all times fulfilled all obligations with respect to the care and safety of plaintiff; that plaintiff entered his employment with

[1]Reported in 145 N. W. 399.

full knowledge of the risks and dangers of it and assumed all the ordinary risks, hazards and dangers of his employment. The case was tried before Stanton, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $550 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was granted. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Russell L. Moore* and *R. A. McOuat*, for appellant.
*Baldwin, Baldwin & Holmes*, for respondent.

HALLAM, J.

Plaintiff was a section man in defendant's employ. On June 17, 1912, he was engaged with a crew of men repairing defendant's railroad tracks. The particular work in hand was removing defective ties and putting in new ones. This was done without disturbing the rails. The method was to pull out the old tie and then with picks pull the new tie in under the rail. The men usually worked in pairs. Plaintiff and one Presnell had just removed an old tie and were putting a new one in through the trench and under the rails. The tie was larger at one end than at the other and they were able to get it only part way through. While they were in this situation, the foreman and several other men came along. Without much being said, the foreman took his pick and enlarged the trench, and some of the men with him drove their picks into the tie to help plaintiff and his partner pull it through. Five men all told drove their picks into the tie, plaintiff being one of them. As they did this, plaintiff was standing a little back of the others with his foot in the trench along which the tie was to be pulled, and between the end of the tie and the rail. So far as appears none of these men knew that plaintiff's foot was in this position. When all five men had their picks in the tie ready to pull, the foreman gave the signal "Yo-hey," and all pulled together. Plaintiff's foot was still in the trench. After they began to pull the tie, he realized his danger and endeavored to draw his foot out, but it was then too late. The foot was caught between the end of the tie and the rail and was injured. The jury

found for plaintiff. Defendant moved for judgment notwithstanding the verdict. Plaintiff was not satisfied with the amount of the verdict and moved for a new trial. The court denied plaintiff's motion for a new trial, and granted defendant's motion for judgment. Plaintiff appeals.

A number of questions are raised on the appeal. We find it necessary to consider only one; that is the alleged negligence of defendant.

It seems very clear that there was no negligence on the part of any of plaintiff's fellow workmen. That the foreman and the other section men should give plaintiff and his partner a "lift" in their predicament was most natural. It would not occur to any man that such assistance was a source of latent danger, or that the occasion called for any sort of warning to plaintiff. It would not have been a source of any danger at all and would have served only a beneficent purpose, had it not been for the fact that plaintiff stood with his foot in a dangerous position in the trench directly in front of the tie. If these men had known that plaintiff's foot was in that position, they might have been chargeable with negligence, but the evidence is clear that they did not, and they could have no reason to apprehend that plaintiff's foot would be in any such precarious position. We can see no basis for any claim of negligence on the part of the foreman or any of the men with him. It is accordingly unnecessary to consider any of the other contentions made upon this appeal. They are all bottomed on the assumption of negligence of defendant, and we hold that such negligence has not been established.

Judgment affirmed.

PHILIP E. BROWN, J., took no part.